[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11413
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-03272-RWS

CLIFF DETEMPLE,
d.b.a. Turning Point Systems Group,

                                                                               Plaintiff-Appellant,

versus

LEICA GEOSYSTEMS, INC.,

                                                                               Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2014)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This appeal concerns application of a section of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501-597b, providing for tolling of statutes of limitations for periods of servicemembers' military service. Applying this tolling provision, the district court determined that one of Appellant Cliff DeTemple's claims, subject to a one-year statute of limitations under Wisconsin state law, was time barred. DeTemple, a United States Coast Guard reservist who was on active-duty status for a portion of the limitation period, argues that the district court erred in calculating tolling under the SCRA. After careful review, we agree. Therefore, we reverse and remand for further proceedings.

## I.

The relevant facts are undisputed. DeTemple owned and operated Turning Point Systems Group, a sole proprietorship, which had contracted with Leica Geosystems, Inc. ("Leica"), to sell survey and construction products manufactured by Leica. On September 29, 2006, Leica notified DeTemple that it would be terminating its contracts with him.

On March 26, 2007, DeTemple received orders to report for active duty with the Coast Guard. DeTemple served active duty from March 28, 2007, until at least September 23, 2007.

On March 28, 2008, DeTemple filed suit against Leica in the United States District Court for the Eastern District of Wisconsin, alleging breach of contract and

violations of the Wisconsin Fair Dealership Law ("WFDL"), Wis. Stat. §§ 135.01-135.06.  DeTemple was required to bring his cause of action under the WFDL within one year after receiving written notice of termination from Leica.  *See* Wis. Stat. § 893.93(3)(b); *Les Moise, Inc. v. Rossignol Ski Co. Inc.*, 122 Wis. 2d 51, 361 N.W.2d 653, 654 (1985).  Thus, in the absence of tolling, DeTemple's WFDL claim was time barred because it was not filed by September 29, 2007.

The Wisconsin district court found that the SCRA tolled the limitation period for 180 days, based on DeTemple's active duty with the Coast Guard.  Despite reaching this conclusion, the court determined that DeTemple's WFDL claim was time barred because it expired on March 24, 2008.  The court originally dismissed the claim with prejudice, but, in response to DeTemple's timely motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., vacated that ruling on October 29, 2009.  Citing DeTemple's imprecise allegations as to his dates of service, the court instead dismissed the WFDL claim without prejudice pursuant to forum-selection clauses in the contracts, as it had done with the breach-of-contract claims.

On November 20, 2009, DeTemple refiled the action in the United States District Court for the Northern District of Georgia.  Leica moved for summary judgment, again arguing that DeTemple's WFDL claim was time barred.  The

district court agreed and granted summary judgment to Leica.[1] The court credited DeTemple with 182 days of tolling under the SCRA for his military service. Nonetheless, the Georgia court, like the Wisconsin court, determined that DeTemple's WFDL claim was time barred because it expired on March 24, 2008.

DeTemple moved for relief from the summary-judgment order under Rule 60, Fed. R. Civ. P., on two bases. First, DeTemple asserted that the court erred by counting the 182-day tolling period from September 23, 2007, the date he returned from active duty, rather than from September 29, 2007, the date that the limitation period would have ended without tolling. Rejecting DeTemple's contention, the district court stated that it calculated the limitation period the same way as the Wisconsin court and that DeTemple "d[id] not cite any cases involving the SCRA or WFDL to show that his 182 days of tolling should be credited from the date of September 29, 2007." Second, DeTemple asserted that new evidence from the Coast Guard showed that his active duty extended seven additional days, or until September 30, 2007. Because the court found that DeTemple had not exercised reasonable diligence in discovering the new evidence, it denied his Rule 60 motion.

---

[1] The district court also granted Leica's motion for summary judgment with respect to the breach-of-contract claims. DeTemple expressly does not appeal that portion of the district court's order, so we do not discuss it further. *See* Appellant's Opening Brief at 4 n.4.

DeTemple now appeals the district court's ruling that his WFDL claim was time barred and, alternatively, the denial of his Rule 60 motion.

## II.

We review *de novo* the district court's grant of summary judgment, applying the same legal standards governing the district court. *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

DeTemple argues that the district court erred in granting summary judgment to Leica on the WFDL claim because it incorrectly calculated the limitation period with tolling. He contends that the court should have added the 182 days of tolling to the end of the original one-year period, not to the end of his active-duty service. As a result, DeTemple asserts, his WFDL claim was timely filed on March 28, 2008, because the limitation period—with tolling—ended on March 29, 2008, a Saturday, and continued to run until March 31, 2008. We agree.

Section § 206 of the SCRA, entitled "Tolling of statutes of limitations during military service," provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court" by or against the

servicemember. SCRA § 206(a), 50 U.S.C. app. § 526(a); *see also* SCRA § 101(2)(A)(i), 50 U.S.C. app. § 511(2)(A)(i) (defining "military service" as, *inter alia*, active duty with the Coast Guard); 10 U.S.C. § 101(d)(1) (defining "active duty"). For a reservist like DeTemple, the SCRA's protection begins "on the date of the member's receipt of the order" to report for military service. *See* SCRA § 106(a), 50 U.S.C. app. § 516(a).

Under the plain meaning of the SCRA's tolling provision, the period of DeTemple's military service "may not be included in computing" the one-year limitation period. *See* SCRA § 206(a), 50 U.S.C. app. § 526(a). The SCRA's tolling command is "unambiguous, unequivocal, and unlimited." *See Conroy v. Aniskoff*, 507 U.S. 511, 513-14, 113 S. Ct. 1562, 1564-65 (1993) (describing an essentially identical tolling provision in the Soldiers' and Sailors' Civil Relief Act of 1940, which Congress amended in 2003, Pub. L. No. 108-189, 117 Stat. 2835, and renamed as the SCRA). Where, as here, the language of a statute is unambiguous, we inquire no further and instead simply apply the clear terms of the statute as written. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1199 (11th Cir. 2007) ("In interpreting a statute, we look first to the statute's plain meaning and, if the statutory language is facially unambiguous, our inquiry comes to an end.").

Here, the following determinative facts are undisputed: (1) without tolling, the one-year period to file the WFDL claim would have ended on September 29, 2007; (2) DeTemple received orders to report for active duty on March 26, 2007, and he served active duty with the Coast Guard from March 28, 2007, through September 23, 2007; (3) the SCRA tolled the limitation period for 182 days for that period of military service; and (4) DeTemple filed the WFDL claim on March 28, 2008.[2]

Under the terms of the SCRA, then, as of September 29, 2007, DeTemple had an additional 182 days to file his WFDL claim. We respectfully reject the district court's method of calculation, which added the 182 days to DeTemple's return from service, rather than to the end of the limitation period. Employing the district court's methodology could obstruct congressional intent in enacting the SCRA. For instance, if DeTemple had served only two days, rather than 182, assuming all other facts are the same, adding the two days to the date that DeTemple returned from active duty would result in a limitation period shorter

---

[2] Although neither party addresses the point, we note that March 28, 2008, the date that DeTemple filed the action in Wisconsin, governs the timeliness of the claim for purposes of the limitation period, rather than November 20, 2009, the date that he refiled the complaint in Georgia. Under Wisconsin state law, the limitation period in this case was tolled by the commencement of the Wisconsin action until "the end of the period in which an appeal may be taken from a final order or judgment of the trial court." *See* Wis. Stat. § 893.13(a), (b). Here, DeTemple had until November 30, 2009, to appeal the Wisconsin court's decision due to his timely Rule 59(e) motion, which was resolved on October 29, 2009. *See* Fed. R. App. P. 4(a)(1), (4) & 26(a)(2)(C). Because DeTemple refiled the WFDL claim in Georgia on November 20, 2009, before the limitation period expired, the period was again tolled. *See* Wis. Stat. § 893.13(b).

than the original one-year period. Thus, calculating tolling in this way could actually count days of military service *against* a service member. Moreover, both the original period and the period with "tolling" would then include days of military service which "may not be included." Instead, we agree with DeTemple's suggestion that the tolling period must be counted from the end of the limitation period and that DeTemple's limitation period therefore, with tolling, ended on March 29, 2008, a Saturday, and continued to run until Monday, March 31, 2008. *See* Wis. Stat. § 990.001(4)(c); Fed. R. Civ. P. 6(a)(1)(C). Accordingly, DeTemple's WFDL claim was timely filed on March 28, 2008.[3]

Finally, we find no merit to Leica's contentions that the lack of case law directly on point somehow insulates the district court's decision from error or that there is something unique about the calculation of the statute of limitations under the WFDL. In this case, we simply apply the unambiguous mandate that the "period of [DeTemple's] military service may not be included in computing" the

---

[3] We recognize that a court may properly calculate tolling in multiple ways, but the method used should not change the ultimate result. For instance, the court may determine any applicable days of tolling and add them to the end of the original limitation period, as we have done above. Or, the court may add any days of tolling to the date tolling ended, as the district court did here, and also credit any days remaining in the original period, which the court failed to do. Finally, the court may calculate tolling like a "clock," starting and stopping the running of the limitation period when tolling is or is not applicable. *See, e.g.*, *San Martin v. McNeil*, 633 F.3d 1257, 1265-67 (11th Cir. 2011) (discussing tolling of the one-year limitation period for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996). In this case, 177 days had run on the one-year period when the clock stopped on March 26, 2007. Once tolling ended on September 23, 2007, the clock resumed, leaving DeTemple 188 days (365 days minus 177 days), or until March 29, 2008, to file the WFDL claim. Regardless of the method used, the result is same—DeTemple's WFDL claim was timely.

one-year period of limitation for the WFDL claim. Doing so, we conclude that the district court erred in calculating the limitation period for DeTemple's WFDL claim under the SCRA.

## IV.

For the foregoing reasons, we hold that DeTemple's WFDL claim was not time barred.[4] Accordingly, we reverse the district court's grant of summary judgment in favor of Leica on that claim and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[4] For this reason, we do not address DeTemple's alternative argument regarding newly discovered evidence.